BARLUM REALTY CO. *v.* HEGGBLOM.

1. MUNICIPAL CORPORATIONS—COMMITTEE REPORTS—PRESENTATION OF CLAIMS.

Report of committee of *de facto* village commission that statement of account of an attorney was reasonable, acceptance of report by commission and placing it on file *held,* not sufficient to declare amount a valid claim nor order payment by village.

2. SAME—ATTORNEY AND CLIENT—CLAIM FOR SERVICES.

Claim of attorney against a city for services rendered third parties incident to various actions and suits brought against pre-existing village or its officers or both which could not be authorized by the village *held,* not a legally binding obligation of the municipality, notwithstanding it may have benefited as the result of some of the litigation.

3. SAME—CONTRACTS—IMPLIED CONTRACTS.

A city cannot be held liable on an implied contract for an alleged obligation for which it could not bind itself by an express contract.

4. GARNISHMENT—MUNICIPAL CORPORATIONS.

In garnishment proceedings against attorney and city which plaintiff and attorney claim owes latter, recovery may not be had from city where it owes nothing to attorney.

Appeal from Wayne; Chenot (James E.), J. Submitted June 4, 1935. (Docket No. 26, Calendar No. 38,390.) Decided October 11, 1935.

Garnishment proceedings by Barlum Realty Company, a Michigan corporation, against Uno S. A. Heggblom, principal defendant, and city of Melvindale, a municipal corporation, garnishee defendant. Judgment for plaintiff. Garnishee defendant appeals. Reversed.

*George W. Bixler (Uno S. A. Heggblom,* of counsel), for plaintiff.

*R. S. Woodliff,* for garnishee defendant.

NORTH, J. This is an appeal in a garnishment proceeding and the merits of plaintiff's case turn upon the right of the principal defendant, Uno S. A. Heggblom, to recover attorney's fees in the amount of $1,750 for services alleged to have been rendered by him to the municipal corporation of Melvindale, garnishee defendant. The village of Melvindale, Wayne county, was organized October 24, 1924. It became a city February 6, 1933. Plaintiff corporation is a judgment creditor of Heggblom to the amount of $787.26. With accrued interest the amount due at the date of garnishment was in excess of $800. Plaintiff began garnishment proceedings March 23, 1933. In a non-jury trial of the garnishment issue it had judgment for $800 against the garnishee defendant. The city has appealed.

Plaintiff and Heggblom are in accord as to the defendant city being indebted to Heggblom for professional services rendered by him to the municipality. It is not claimed that Heggblom was employed by express contract to render such services. Instead plaintiff asserts that the city has become liable upon an implied contract because the services were rendered for and accepted by the municipality and the latter by its acts and resolutions approved Heggblom's bill rendered for such services. The city denies liability, claiming whatever professional services were rendered by Heggblom were so rendered for certain individuals and not for the municipality.

It may be noted that profuse political turmoil incident to municipal affairs proved to be a prolific source of litigation. Heggblom's itemized bill was presented in November or December, 1932, to the so-

called *de facto* village commission. The bill specified services rendered incident to 10 separate court proceedings, and as noted above totaled $1,750. December 7, 1932, this claim was referred to three members of the village commission "to investigate and determine the reasonableness of the claim of U. S. Heggblom against the village of Melvindale." We quote from the committee's report:

"The only evidence which came to the committee's attention, touching upon the reasonableness of the claim, was three affidavits, one by U. S. A. Heggblom, a second, by attorney James H. Crudgington of Detroit, and a third, by Henry R. MacGillis of Dearborn. All of these affidavits show the claim to be reasonable, and there being no evidence that the statement of account is unreasonable, the report of the committee is, that the attached statement of account is reasonable."

On December 21, 1932, the village commission took the following action on the report:

"Moved by Commissioner Sheldon and supported by Commissioner Cicotte that the report of the committee appointed to investigate the bill of U. S. Heggblom be accepted and placed on file. Carried."

By its action the village commission approved and placed on file a report that the "statement of account is reasonable." The commission did not by its action expressly declare the account to be a valid claim against the village, and clearly payment was not ordered. The question arises, Is plaintiff justified in asserting that there is an implied contract arising from such action taken by the village council, it being claimed the services were rendered for the benefit of the municipality? Briefly the character and purpose of the respective court actions, in-

sofar as we deem it necessary to detail them, were as follows:

No. 1.   This was a suit in chancery started by Edward F. Sheldon to restrain the village commissioners from tampering with the ballot boxes used in a village election pending a recount in which Sheldon was personally interested. This suit was not authorized by the municipality. Instead it was litigation instituted by Sheldon. Heggblom was Sheldon's attorney. The item of $78 charged by Heggblom incident to this case is not one for which the municipality is or could be liable.

No. 2.   This was an injunction suit brought by Edward F. Sheldon against the village or village commissioners. Hegglbom was plaintiff's attorney. Here again the item of $78 charged by Heggblom is not and could not be a legal charge against appellant.

No. 3.   The third item in Heggblom's bill presented to the municipality is for his services as attorney in a suit brought by Andrew Cash and others against the village commissioners and the village clerk to restrain the defendants from certifying the results of the April, 1931, village election. Edward Sheldon was granted leave to intervene. Heggblom acted as attorney for Sheldon. The village neither requested nor in any manner approved Heggblom's appearance or services in this litigation. It was in no way bound to pay him the charge therefor of $75.

No. 4.   The fourth item in Heggblom's bill presented to the municipality is for $300 charged for his services in a *quo warranto* proceeding which involved the validity of certain charter amendments adopted at the April, 1931, village election. This suit was also brought by Andrew Cash and others against the Village of Melvindale. Here again Shel-

don, represented by Heggblom as his attorney, was permitted to intervene. But the municipality never obligated itself to pay Heggblom for acting as Sheldon's attorney in this proceeding.

No. 5. This was a mandamus proceeding brought by Edward F. Sheldon in behalf of himself and other citizens against the village and the village commission by which it was sought to force the revocation of the appointment of a non-resident of the village as attorney and counselor for the village. The village charter provided that such appointee must be a resident of the village. The relief sought was obtained. But neither the village nor anyone authorized to act in its behalf employed Heggblom incident to this suit. His charge of $303 incident thereto is not an obligation for which the municipality is liable.

No. 6. Another piece of litigation incident to which Heggblom makes a charge of $303 is a suit brought by the village clerk in behalf of himself and other citizens and taxpayers against the village commission for the purpose of restraining the commission and the individual members thereof from interfering with the clerk's calling and holding a recall election. But there is no showing that Heggblom was engaged by the municipality to prepare the pleadings or prepare for the trial of this cause, this being the service for which his charge is made. This service was not rendered for or in behalf of the municipality as such; and his charge therefor against the municipality cannot be sustained.

We forego detailing the nature of other litigation incident to which Heggblom rendered services. Suffice to note that the record does not show that he was at any time retained or employed by the municipality to render such services, but instead it appears that he was acting in behalf of others. Heggblom's

charges for services so rendered could not and do not constitute legally binding obligations of the municipality. Public funds could not have been lawfully used by the municipality in making payment of the claimed attorney's fees. This is true notwithstanding the municipality may have benefited as the result of some of the suits in which Heggblom acted as an attorney. The municipality could not by subsequent resolutions transform Heggblom's charges for professional services which were not binding upon it into legally binding obligations. The defendant city cannot be held liable on an implied contract for an alleged obligation for which it could not bind itself by an express contract. *Stratton* v. *City of Detroit,* 246 Mich. 139. It is obvious the municipality could not have bound itself even by an express contract to pay Heggblom for professional services rendered by him to third parties. He is not entitled to recover from the municipality and it follows that judgment in the garnishment issue must be adverse to plaintiff.

Judgment reversed, with costs of both courts to the garnishee defendant.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.